## Ill. Central Railroad Co. v. Hurt, et al,

### (Decided February 10, 1911.)

### Appeal from Ohio Circuit Court.

1. Personal Injury—Action for—Sufficiency of Evidence.—In an action for damages for personal injuries, evidence examined and held sufficient to sustain a verdict in favor of plaintiff.

2. Instructions—Permanent Injury—Prejudicial Error.—An instruction authorizing a recovery for permanent injury in the absence of evidence tending to show that the injuries were permanent, is not prejudicial where it is apparent from the size of the verdict that the jury awarded only a sum sufficient to compensate the plaintiff for her mental and physical suffering.

H. P. TAYLOR, C. L. SIVLEY, TRABUE, DOOLAN & COX for appellants.

HEAVRIN & WOODWARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

James Hurt and Louellen Hurt are husband and wife. They brought this action to recover damages for personal injuries which they charged Louellen Hurt sustained through the negligence of appellant Illinois Central Railroad Company. The jury returned a verdict in their favor for $600.00, and the railroad company appeals.

Three grounds are relied upon for reversal: 1. Error of the trial court in failing to award the appellant a peremptory. 2. The verdict was flagrantly against the evidence. 3. Error in the court's instructions in permitting a recovery for permanent injury.

On December 12th, 1909, Louellen Hurt, together with her husband, James Hurt, M. V. Hurt and William Ingram, boarded appellant' train at Rockport, for the purpose of going to McHenry. The train stopped at Mc-

Henry.    There were several passengers for that point, some of whom got off, but before all the passengers alighted, several others boarded the train.   Their coming into the car delayed Mrs. Hurt.   When she reached the steps the train was in motion.    She claims that she walked to the steps as fast as she could.    She describes the manner in which she got off as follows:    "The conductor just barely caught my arm here, and when I hit the ground I went back this way, and I strightened on up, and Mr. Ingram says to me, 'Did they hurt you?' He boarded with us a long time, and he said to me, 'Did they hurt you?' and I said, 'No, sir.' "    Before she got home here side began hurting her.    Her ankle also pained her.    In a day or two she sent for a physician, who visited her a few times.    On December 29th she had a miscarriage.    Her physician testified that she showed symptoms of a miscarriage, which might have resulted from a fall or jerk.   She had suffered a miscarriage once before.    After the injury she was unable to do any work and was not able to work at the time of the trial.    The witnesses, M. V. Hurt and William Ingram, testified that Mrs. Hurt was jerked backward when she alighted from the train.    Five   trainmen, including the auditor and others, and one other witness, testified that Mrs. Hurt was assisted in getting off by the conductor and brakeman; that the train at the time was moving very slowly, if at all, and that Mrs. Hurt was gently lowered to the platform.    Mrs. Agnes Hurt, the mother-in-law of Louellen Hurt, stated, on cross-examination, that Louellen Hurt said to her, "They lifted her off the platform just as easy."    Two physicians who testified for appellant, stated that 90 per cent of the women who had once miscarried would miscarry again; that appellee's mishap may have occurred from any of her exertions during the day with as much probability as from alighting from the train.

It is earnestly insisted by appellant that Mrs. Hurt's own account of the manner in which she was taken off the train does not show that she was jerked or thrown, and that when she testified to the fact of miscarriage as a result of her alighting from the train, she simply stated a conclusion, and no facts upon which to base it. While it is true that she did not state that she was jerked or thrown, she says, "And when I hit the ground I went back this way, and I straightened on up."    Her language shows that she indicated to the jury how she went back

and how she straightened up. Furthermore, the very fact that one of the parties present asked her if she was hurt, would indicate that there was something connected with the way in which she got off from which it might be inferred that she was hurt. Her two witnesses stated that she was thrown or jerked back. Any one who has had any experience in assisting a woman in alighting from a moving train will be inclined to believe this statement. While numerically considered, the weight of the evidence is to the effect that Mrs. Hurt was gently lowered to the platform, when we consider Mrs. Hurt's evidence and that of her witnesses, in connection with the attending circumstances, we cannot say, either that there was no evidence that she was jerked, or that the finding of the jury upon that question was flagrantly against the evidence. We also conclude that, inasmuch as she began experiencing pain immediately after she got off the train, which continued for several days, and that she then suffered a miscarriage, the jury was authorized to find from the evidence that the miscarriage was the natural and proximate result of the shock she experienced when she alighted from the train, in spite of appellant's evidence to the effect that she had theretofore miscarried and would probably miscarry again, and that the miscarriage might have resulted from some other cause.

As the jury awarded appellee only $600.00, it is perfectly apparent that they allowed her nothing for permanent injury. The amount awarded was no more than sufficient to compensate her for the mental and physical suffering incident to the miscarriage. That being true, appellant's substantial rights were not prejudiced by the instruction which authorized a recovery for permanent injury.

Judgment affirmed.